# PHOENIX INS. CO. v. CEAPHUS.

No. 760. Opinion Filed November 14, 1911.

(119 Pac. 583.)

INSURANCE—Fire Policy—Forfeiture—Waiver—Evidence. Where the fire insurance policy sued on provides: "This entire policy unless otherwise provided by agreement endorsed hereon or added hereto shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee

simple, etc.,'' and it was admitted on the trial that the building insured was not on ground so owned at the time the policy was executed and delivered, but on ground owned and patented to the wife of the insured, if parol evidence to establish a waiver of said condition is admissible to prove that the agent of the insurer had notice or knowledge of that fact at that time, the same is insufficient to establish such waiver, where the policy also provides: ''No officer, agent or other representative of this company shall have power to· waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.''

(Syllabus by the Court.)

*Error from District Court, Bryan County; Robt. Crockett, Judge.*

Action by Ben Ceaphus against the Phoenix Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Hatchett & Ferguson,* for defendant in error.

TURNER, C. J.  This is an action brought by Ben Ceaphus, defendant in error, hereafter called plaintiff, against the Phoenix Insurance Company of Brooklyn, New York, hereafter called defendant, in the district court of Bryan county, upon a fire insurance policy executed by defendant on February 15, 1907, by which defendant undertook to insure plaintiff's one-story frame building with shingle roof, situated on the S. E. ¼ of sec. 8, twp. 6 south, range 11 east, then in the Indian Territory, in the sum of $750. A copy of the policy is filed as an exhibit to his petition and contains:

"In witness whereof this company have executed and attested these presents.  This policy shall not be valid until countersigned by the duly authorized agent at Tishomingo, I. T.

"CHAS. A. SHAW, President.

"JOSEPH McCORD, Sec.

"Countersigned at Tishomingo, I. T."

During the life of the policy, on December 14, 1907, the

house was totally destroyed by fire. For answer, defendant pleaded a general denial and, as a second defense, that plaintiff was not, at the time the policy was issued and delivered, nor at any time prior to the alleged destruction of said building, the owner in fee simple of the real estate on which it was located, and that the insured was not, during any of that time, the sole and unconditional owner of said land, and for that reason said policy is void because of that part thereof which reads:

"This entire policy unless otherwise provided by agreement endorsed hereon or added hereto shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not on property covered in whole or in part by this policy   *   *   *   or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple, etc."

For a third defense, defendant pleaded failure on the part of the insured to comply with the terms of the policy, and that none of the conditions or terms thereof were ever waived by any of its officers or agents. For reply thereto, plaintiff, after a general denial, pleaded that defendant was estopped from relying for a forfeiture upon said part of the contract of insurance, for the reason that the agent who executed the policy and accepted payment of the premium, which had not been returned or offered, knew all the facts concerning the title of said real estate upon which said building was located and issued said policy with full knowledge thereof.

There was trial to a jury, during which a return of the premium was tendered and refused, and judgment rendered and entered for plaintiff, and defendant brings the case here.

In maintaining the issues on his part, after admitting that the house described in the policy was not located on land owned by him at any time prior to its destruction, plaintiff, after introducing said policy in evidence, to prove the waiver pleaded, was permitted to testify over objection to a conversation between plaintiff and the agent, in effect, that he had informed the agent at the time he came to inspect the risk that the land

belonged to his wife, and showed him her patent therefor, where-
upon the agent replied that such did not matter and copied the
description of the land therefrom to set forth in the policy. The
admission of this testimony is assigned for error, and such it
seems to be. Said policy also provides:

"No officer, agent or other representative of this company
shall have power to waive any provision or condition of this pol-
icy except such as by the terms of this policy may be the subject
of agreement endorsed hereon or added hereto and as to such
provisions and conditions no officer, agent or representative shall
have such power or be deemed or held to have waived such pro-
visions or conditions unless such waiver, if any, shall be written
upon or attached hereto, nor shall any privilege or permission
affecting the insurance under this policy exist or be claimed by
the insured unless so written or attached."

In *Liverpool, etc., Ins. Co. v. Richardson Lumber Co.,* 11
Okla. 585, as here, plaintiff made no written application for the
policy. For the purpose of determining whether the policy should
issue, the local agent and the state agent or adjuster for the
state of Kansas went to Red Oak, Indian Territory, and exam-
ined the situation and condition of the insured property. It con-
sisted of a stock of lumber situated in the yards and sheds of the
plaintiff. The state agent informed the agent of plaintiff that
he was satisfied with the risk and authorized the local agent to
write a "liberal policy." The policy was afterwards written by
the local agent and delivered and the premium received. As
here, it provided as last quoted, no waiver of any kind appeared
upon the policy, and no issue was tendered or evidence offered
that the policy was void on the ground of fraud or mistake of the
parties. The policy among other things contained the following
stipulation:

"Warranted by the assured that a clear space of 200 feet,
tramway excepted, shall always be maintained between the lum-
ber hereby insured and any mill or other manufacturing estab-
lishment, or else this policy shall be void."

The company claimed a forfeiture under this clause, and it
appeared in the agreed statement of facts that no such space ex-
isted between the lumber in the sheds and the mill at the time

the risk was inspected by said agents and the policy delivered. Knowledge of this fact at that time, thus established by parol, was relied on by the insured to prove a waiver of said stipulation, and such, in effect, it was held to be by the trial court. On appeal this was held error, and that such testimony was inadmissible to contradict or vary the terms of the policy. The court said:

"The policy sued on in this case is plain and explicit and free from all doubt or ambiguity. There is no allegation in the petition of fraud or mistake, and none is claimed or shown. And hence parol testimony was inadmissible and incompetent to vary or change the terms or conditions of the policy, and all previous negotiations and statements between the insured and assured were merged in the policy."

In that case the court followed *Northern Assurance Co. v. Grand View Building Association,* 183 U. S. 308, which it declared to be controlling. But that case goes further and holds, in effect, that such evidence, if admissible, was insufficient in legal effect to establish a waiver of said conditions of the policy or estop the company from insisting upon such forfeiture as a defense to a suit thereon. Those cases involved policies containing identical stipulations and conditions. In the case followed, the policy contained a stipulation rendering it void and of no effect in case other insurance had been or should be made upon the property unless by agreement indorsed thereon or attached thereto. At the time the policy was delivered, other insurance had been placed on the property by the insured in another company. Reversing the judgment of the Circuit Court of Appeals, decided in 101 Fed. Rep. 27, the Supreme Court held that parol testimony to establish a waiver of said condition was not only inadmissible to prove that the agent of the company issuing the policy had notice or knowledge of that fact at that time, but that such condition could not be waived by any agent of the company, except in the manner stated in the policy, and that the knowledge of the agent of the existence of the forfeiture at the time of its inception did not constitute a waiver of the conditions of the policy. As the law, as it existed at the time

and place of the making of this contract, is a part thereof, and what constitutes a waiver, the facts being undisputed, is a question of law, and as the waiver here contended for occurred, if at all, at the inception of the policy and by the happening of no subsequent event—so, that case, deciding as it does that the evidence offered, if admissible, was insufficient in legal effect to establish a waiver, is and was the law entering into that contract, construing it and fixing the rights of the parties thereto.

For that reason, and the further reason that the parties to said contract being chargeable with knowledge of the law as it then existed and presumed to have contracted with knowledge that the acts complained of and then transpiring did not constitute a waiver of said stipulation, that case is controlling here. The controlling effect of that decision was recognized by this court in *Sullivan v. Mercantile, etc., Co.,* 20 Okla. 460. That was an action on a fire insurance policy dated November 2, 1903, wherein defendant undertook to insure the plaintiff's one-story shed house for storing his one J. I. Case threshing machine and his one Advance threshing machine, all in several amounts, which said property during the life of the policy was totally destroyed by fire. One of the conditions of the policy provided:

"This entire policy and each and every part thereof, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void   *   *   *   if the subject of insurance be personal property and be or become incumbered by chattel mortgage."

It also contained a provision identical to that last quoted from the policy in question. One of the errors assigned by plaintiff in error, plaintiff below, was that the court erred in refusing to allow him to answer the question as to whether or not the agent who wrote the policy knew, at the time said policy was written and delivered, that said J. I. Case threshing machine was under mortgage. But this court, following the rule in the Northern Assurance Co. case, *supra,* held that such was not error. Speaking of that case, the court said:

"The court in that case held that such condition in the policy could not be waived by any officer or agent of the company except in the manner provided in the policy, and that knowl-

edge of the existence of the forfeiture of said policy by reason
of the violation of any condition thereof on the part of the agent
of the insurance company at the time he delivered the policy
and received the premium did not operate as a waiver of the con-
ditions of said policy, or estop the company from setting up such
forfeiture as a defense against an action upon the policy; and
further held that oral testimony was not admissible to show
knowledge of the agent of the company of such facts existing in
violation of the conditions of said policy at the time of the execu-
tion and delivery of the same. This rule laid down by the Su-
preme Court of the United States in *Northern Assurance Co. v.
Grand View Building Association, supra,* was a controlling de-
cision upon the trial court in the case at bar; and, while we do
not wish to be understood as saying that it is our opinion that
the doctrine announced in that case is in harmony with the
weight of authorities upon this question, or that it is supported by
the better reasoning, yet, on account of the fact that the rule
announced in said case was the law controlling the courts in
the Indian Territory at the time of the trial of the case at bar,
we are constrained to follow in this case the rule announced there-
in, and hold that the trial court did not err in refusing to permit
the introduction of oral testimony to show the knowledge of the
agent of the company of the existence of said mortgage at the
time of the execution and delivery of the policy, and that said
court did not err in holding that the forfeiture of said policy,
if any had occurred, was not waived, and that the defendant
company was not estopped from pleading the same as a defense
by reason of the fact that the agent of the company who coun-
tersigned and delivered said policy had knowledge at the time
of the existence of said mortgage. In applying the rule of law
adopted by the Supreme Court of the United States in said case
to the case at bar, and in following the same, we do not wish to
be understood as laying down a rule by which this court shall be
governed in the future in passing upon the same question arising
in cases originating since the admission of the state of Oklahoma
into the Union."

The vital question here being the legal sufficiency of the
evidence, if admissible, to establish a waiver of the stipulation
relied upon to claim a forfeiture of the policy, and not whether
the company by its agent could waive said stipulation owing to
the other stipulation in the policy, *supra* (identical in all the cases

cited, *supra*), we will not consider the latter·proposition. *Deming Investment Co. v. Shawnee, etc., Investment Co.,* 16 Okla. 1.

We are, therefore, of opinion, following the rule laid down in those cases, that the same being legally insufficient to establish the waiver, the court erred ·in admitting the testimony complained of; and for that reason the cause is reversed and remanded for a new trial.

All the Justices concur.