## NEW YORK LIFE INSURANCE CO. v. STAGG.

No. 12897—Opinion Filed June 12, 1923.

Rehearing Denied Oct. 23, 1923.

(Syllabus.)

1. **Insurance — Life Policy — Construction —Statements of Insured as Representations and Not Warranties.**

Where a life insurance policy provides: "All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it be contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued," the statements by the insured are to be construed as representations and not warranties in the absence of fraud.

2. **Same — Misrepresentations of Insured as Defense—Burden of Proof.**

Where a policy of life insurance provides that all statements made by the insured shall, in the absence of fraud, be construed as representations and not warranties, in order for misrepresentations made by the insured in an application to avail the insurer as a defense it must show, not only that the statements were not true, but that they were willfully false, fraudulent, and misleading, and made in bad faith.

3. **Trial—Special Findings—Verdict.**

Where the special findings do not embrace and cover all the issues in the case and those returned are not necessarily inconsistent with the general verdict, the fact that the incomplete findings are adverse to the successful party will not prevent a judgment in his favor if the issues and facts included in the general verdict and upon which no special findings are made are sufficient to warrant a recovery.

4. **Insurance—Action on Life Policy—Misrepresentations as Defense—Instructions.**

In a suit on an insurance policy, where it is contended that a false and fraudulent misrepresentation or concealment of a material fact by the insured has rendered the contract for insurance void, and where the evidence is conflicting or where different inferences may be legitimately drawn from the evidence, the question should be submitted to the jury under instructions which take into account the materiality of the misrepresentation and the fraudulent purpose or intent of the insured to deceive.

Error from District Court, Creek County; Harve L. Melton, Assigned Judge.

Action by Anna Stagg against the New York Life Insurance Company to recover on insurance policies. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilson, Tomerlin & Threlkeld and W. C. Hodges, for plaintiff in error.

Thompson & Smith, for defendant in error.

COCHRAN, J. This action was brought by defendant in error against the New York Life Insurance Company, plaintiff in error, to recover upon two policies of insurance issued upon the life of Edward R. Stagg. The parties will hereinafter be referred to as plaintiff and defendant as they appeared in the trial court.

The defendant in its answer alleged that prior to the issuance of the policies of insurance, Edward R. Stagg made a written application for such insurance, and thereafter submitted himself for an examination before the medical examiner of the defendant company, and made certain answers in writing to the questions propounded by the medical examiner, which answers

were made a part of the policies thereafter issued; that the company issued the policies of insurance relying upon the truthfulness of the answers contained in the written application and the written answers to the questions propounded by the medical examiner. Defendant further alleged that the representations made by the assured were false, fraudulent, and untrue, and were made with a fraudulent intent.

The case was tried to a jury and a verdict returned in favor of the plaintiff. Special interrogatories were submitted to the jury by the court and answered as follows:

"Q. Did Edward R. Stagg represent in his application for insurance that he had never suffered from any ailment or disease of the lungs, among other things? A. Yes. Q. Did Edward R. Stagg, within five years next prior to June 23, 1919, consult any physician for any trouble or disease other than the 'flu'? A. Yes. Q. What other diseases other than the 'flu' did Edward R. Stagg consult a physician for at any time within five years prior to June 23, 1919? A. Dizziness, headache and shortness of breach. Q. What physician other than Dr. C. M. Ament did Edward R. Stagg consult within five years next prior to June 23, 1919? A. Drs. Fish and Sweeney?"

The defendant filed its motion for judgment on the special findings notwithstanding the verdict, which was overruled, and judgment was entered for the plaintiff, from which the defendant has appealed.

The defendant first contends that the answers made in the written application and upon the medical examination constituted warranties and not representations, and, the jury having found by its special findings that these answers were untrue, judgment should have been rendered in favor of defendant on the special findings notwithstanding the general verdict in favor of the plaintiff. To support this contention, defendant relies upon the decision of this court in Knights and Ladies of Security v. Grey, 70 Oklahoma, 172 Pac. 933. This case has no application here unless it is determined that the answers made by the assured were warranties instead of representations. The defendant relies upon the following provision of the policy as supporting the contention that the answers made were warranties, to wit:

"I agree, represent and declare, in behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder, that I have carefully read each and all of the above answers, and that they are each written as made by me, and that each of them is full, complete and true to the best of my knowledge and belief. I am a proper subject for life insurance. Each and all of my said statements, representations, and answers contained in the application are made by me to obtain said insurance and I understand and agree that they are each material to the risk and that the company believing them to be true will rely and act upon them."

The above provision of the policy, however, is to be considered in connection with the following provision of the policy:

"All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it be contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued."

This court has held that a provision substantially the same as the one just quoted constitutes the answers representations and not warranties. In Reserve Loan Life Ins. Co. v. Isom, 70 Oklahoma, 173 Pac. 841, the provision of the policy was as follows:

"This policy and the application herefor (a copy of which application is attached hereto) shall constitute the entire contract between the parties hereto. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties"

—and the court in construing that provision said:

"The policy itself construes the statements made by the insured in his application as representations and not warranties."

Such being the holding of this court, the doctrine announced in Knights and Ladies of Security v. Grey, supra, and the cases therein cited, is not applicable, but the rule announced in the cases involving falsity of representations made in procuring the issuance of a policy controls. This rule is announced in Reserve Loan Life Ins. Co. v. Isom, supra, in the following language in the syllabus:

"Where a policy of life insurance provides that all statements made by the insured shall, in the absence of fraud, be construed as representations and not warranties, in order for misrepresentations made by the insured in an application to avail the insurer as a defense it must show, not only that the statements were not true, but that they were willfully false, fraudulent, and misleading, and made in bad faith."

In the case of Continental Casualty Co. v. Owen, 38 Okla. 107, 131 Pac. 1084, the court had under consideration the effect of statements made in an application where

such statements were held to be representations and not warranties under the provisions of section 3467, Rev. Laws 1910. The policy in that case was issued without a medical examination, and, therefore, by the terms of section 3467, the statements made were, in the absence of fraud, deemed representations and not warranties. The rule announced in that case is applicable here, for although this statute does not apply because the policies in the case at bar were issued upon medical examination, the contract between the parties contained substantially the provisions of this statute. In the opinion in that case, the court said:

"As stated elsewhere in this opinion, under our statutes such statements must be construed as representations, and in order for misrepresentations in relation thereto to avail the insurer as a defense it must be shown that they were willfully false, fraudulent, and misleading."

In the case of Mutual Life Insurance Co. v. Morgan, 39 Okla. 205, 135 Pac. 279, the following statement is made:

"The statements of the application being representations only, and not warranties, plaintiff in error would have been required to prove not only that the repsesentations were not true, but that they were made in bad faith."

Defendant further contends that even though the statements are held to be representations instead of warranties, the special findings made by the jury show conclusively that the statements were false, that they were material, that they amounted to a concealment of facts sufficient to avoid the policies; and that judgment should have been rendered on the special findings under section 5014, Rev. Laws 1910, which provides:

"When the special finding of facts is inconsistent with the general verdict, the former controls the latter and the court may give judgment accordingly."

The most favorable interpretation to be given to the special findings of fact only shows that the statements were false, and were relied upon by the defendant. Under the authorities which we have cited, in order to avoid the policies it was necessary for the jury also to find that the statements were fraudulent and made in bad faith. There was no special finding on the question of fraudulent intent or bad faith of the insured. In order to entitle a party to have judgment rendered in its favor notwithstanding the general verdict, there must be a conflict between the special findings and the general verdict, and where the spe-

cial findings are adverse to the successful party but do not embrace all the issues in the case, and are not necessarily inconsistent with the general verdict, the general verdict should stand.

In Atchison, T. & S. F. R. Co. v. Billings (Kan.) 52 Pac. 61, a portion of the syllabus is as follows:

"Where the general verdict is supported by sufficient evidence, and has received the approval of the trial court, a conflict between the special findings and such verdict must clearly appear to be material to warrant the granting of a new trial."

In City of Topeka v. Noble (Kan.) 58 Pac. 1015, it is said:

"Special finding, in order to overcome a general verdict, must be upon a substantial, material issue, and inconsistent with the general verdict."

In Morrow v. Bonebrake (Kan.) 115 Pac. 585, the following language was used in the syllabus:

"A general verdict for plaintiff imports a finding in his favor upon all the issues in the case which are not inconsistent with the special findings returned by the jury.

"Where the special findings do not embrace and cover all the issues in the case and those returned are not necessarily inconsistent with the general verdict, the fact that the incomplete findings are adverse to the successful party will not prevent a judgment in his favor if the issues and facts included in the general verdict, and upon which no special findings are made, are sufficient to warrant a recovery.

"Where a question of inconsistency arises between findings made in answer to special questions and a general verdict, nothing will be presumed in aid of special findings, while every reasonable presumption will be indulged in favor of the general verdict."

In Metropolitan Railway Co. v. Mattin, 19 Okla. 514, 91 Pac. 1034, the following rule is announced in the syllabus:

"Where there is a reasonable theory, deducible from the evidence in the case, upon which the special findings of the jury and their general verdict are sustained, the court will not disturb the general verdict because another theory may be drawn from the evidence with which the special findings and the general verdict are inconsistent. The court will not examine the evidence with a view to ascertaining if it is possible to evolve from the evidence a theory upon which an inconsistency may be discovered between the special findings and the general verdict."

In the case at bar we can take every fact found by the jury in its special findings as

a finding adverse to the plaintiff, yet the jury by its general verdict found that these representations were not made fraudulently or in bad faith, and hence the general verdict is not inconsistent with the special findings. This question of fraudulent intent and bad faith was submitted to the jury on proper instructions, and this court has repeatedly held that the question of the intent of the applicant is one for the jury where the evidence is conflicting or where different inference may be drawn from the evidence. In Springfield Fire & Marine Ins. Co. v. Null, 37 Okla. 665, 133 Pac. 235. the following statement is contained in the syllabus:

"In a suit on an insurance policy, where it is contended that a false and fraudulent misrepresentation or concealment of a material fact by the insured has rendered the contract of insurance void, burden of proof is upon the company to establish the materiality of the alleged false statement or concealment, as well as the fraudulent intention of the insured. Where the evidence is conflicting or where different inferences may be legitimately drawn from the evidence, the question should be submitted to the jury under instructions which take into account the materiality of the misrepresentation and the fraudulent purpose or intent of the insured to deceive."

In Shawnee Life Ins. Co. v. Watkins, 53 Okla. 188, 156 Pac. 181, this court said:

"The question as to whether certain answers given to questions in an application for insurance are false, and as to the intent of the applicant in making them, is a question of fact for the jury, or for the court sitting as a jury."

And the court in that opinion quotes with approval from Penn Mutual Life Ins. Co. v. Bank & T. Co., 72 Fed. 413, 19 C. C. A. 286, as follows:

"There is a natural, and perhaps legal, presumption of the continuance of a state of knowledge, as of the state of sanity or marriage, and, it being admitted Schardt once knew that he had taken this policy for .$5,000, that he continued to know. and so remembered, that he had the policy when he answered the question as to the other insurance. But the presumption is not conclusive. Men do forget entirely a fact previously known to them, and they do forget it temporarily, so that they may make an untrue statement inadvertently about it, though recently known to them. The possibility or probability of their doing so depends on the character of the fact in question, and all the circumstances under which the misstatement concerning it is made. There is also a presumption that a man does not make a fraudulent misstatement.

but men frequently do, nevertheless, make such statements; and the question whether the presumption is overcome depends on the essential weight to be given to all the circumstances, including possible motive, together with the positive evidence of witnesses. The two presumptions in this case covered the same ground and were conflicting. Neither was conclusive, and it was for the jury to determine from all the circumstances what the truth was."

In Mutual Life Ins. Co. v. Boucher, 83 Okla. 42, 200 Pac. 534, a portion of the syllabus is as follows:

"The question as to whether certain answers given to questions in an application for insurance are false and as to the intent of the applicant in making them, is a question of fact for the jury, or for the court sitting as a jury."

Since the special findings of the jury did not cover the question of the fraudulent intent of the assured, and since there was evidence in the record sufficient to require this question to be submitted to the jury, the court correctly overruled the motion for judgment notwithstanding the verdict.

The judgment of the trial court is affirmed.

McNEILL, V. C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.