## NEW YORK LIFE INS. CO. v. SMITH.

No. 18650.   Opinion Filed July 31, 1928.

Rehearing Denied Dec. 4, 1928.

Wilson & Wilson and Louis H. Cooke, for plaintiff in error.

Ames, Lowe & Cochran and Ledbetter. Stuart, Bell & Ledbetter, for defendant in error.

HUNT, J.   Mrs. Blake C. Smith, as plaintiff, sued the New York Life Insurance Company, as defendant, in the district court of Oklahoma county, to recover the sum of $25,000 alleged to be due her as the beneficiary in three life insurance policies issued by the defendant company on the life of her husband, Turner R. H. Smith, who it was alleged had died on June 17, 1926, while said policies were in full force and effect. Trial was had before a jury in the district court of Oklahoma county, and a verdict returned in favor of plaintiff for the amount sued for.   Motion for new trial was filed and overruled, and judgment was rendered for the plaintiff on the verdict of the jury, and to reverse this judgment defendant prosecutes this appeal.   For convenience the parties will be referred to here as they appeared in the court below.

The execution and delivery of the policies, payment of the premium thereon, and the death of the insured, while same were in full force and effect, are admitted by the defendant company.   The contention of the defendant in the court below was that the

insured in making application for the insurance made false answers to certain questions concerning the previous condition of his health, and the policies were therefore obtained by fraudulent representations and are not binding on the company, the death of the insured having occurred within one year from date of issuance of the policies, and it denied liability on same and tendered back the amount it had received as premium on each of said policies. Plaintiff admitted that incorrect answers were given to certain questions contained in the written application, but contended that, even though incorrect in some details, they did not contain any material error or fraudulent representations, and that defendant was not misled or defrauded thereby, and that irrespective of said answers, defendant did not rely on the statements contained in the application, but pursued an investigation of its own through its special representative in Oklahoma City and obtained the information it now claims was fraudulently withheld by the insured, and with full knowledge of the facts and of the answers in said application claimed by it to be fraudulent and erroneous, accepted said premiums and issued and delivered the policies without in any way relying on said answers, and thereby waived any right to deny its liability by reason of the same.

Upon the issues thus joined, the case was tried to a jury and judgment rendered as hereinbefore set out. Some 18 assignments of error are contained in the petition in error filed herein, but only five are argued in the brief filed by defendant, and only these assignments of error will be considered; the others, not being argued nor presented in the brief, will be deemed waived.

The questions relied upon by defendant for reversal both on oral argument and in the briefs filed are presented under two general propositions as follows:

(1) A stipulation in a policy of insurance, that no agent has power to waive forfeiture, and that no waiver or alteration shall be binding unless in writing signed by a specified officer or officers, is valid and binding on the insured, and prohibits a waiver by an agent.

(2) Estoppel to Claim Waiver. The defendant in error is estopped by the action of the assured in denying to the insurance company's medical examiner the truth of the alleged stomach attack suffered previous to the date of his application.

In support of the first proposition, the defendant calls attention to the following stipulation contained in the policy of the insured:

"That only the president, a vice president, a second vice president, a secretary, or the treasurer of the company can make, modify, or discharge contracts or waive any of the company's rights or requirements; that notice to or knowledge of the soliciting agent or the medical examiner is not notice to or knowledge of the company, and neither one of them is authorized to accept risks or to pass upon insurability."

And further calls attention to the testimony relative to the authority of the company's special representative or referee, Andrew R. Parker, which was to the effect that said Parker was employed by the company to make investigation in connection with the application, and to make his reports on forms furnished by the company in each and every case, and that he had no power or authority except to obtain answers to the questions contained in the company's printed forms for use in such cases; that he was paid a particular fee for each of said reports, and had no power or authority to pass on an application for insurance, either in accepting or rejecting the application.

In this connection, the defendant requested the court to give requested instruction No. 7, which was to the effect that the insurance company could limit the authority of its agents, and that in view of the above stipulation contained in the policy of insurance, the information obtained by Parker as to the falsity of the representations contained in the application for insurance made by the insured would not be binding on the defendant, or constitute a waiver or estoppel on its part to set up said false answers as a defense to the policies of insurance sued on unless said information was shown to have been within the knowledge of one of the officers of the company mentioned in said stipulation aforesaid, and they or either of them, with such knowledge, waived on behalf of said defendant company the false answers contained in said application.

It is contended by defendant, refusal to give this instruction was reversible error, and that the giving of instruction No. 6 was also reversible error. The alleged erroneous instruction No. 6 was as follows:

"You are further instructed that each of the policies sued on in this case contains the following provision. 'The policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the insured shall, in

absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it be contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued.' By reason of this provision, in order for a misrepresentation or misstatement made by the insured in the application to avail the defendant as a defense in this case, the defendant must show by a preponderance of the evidence not only that the statements were not true, but they were willfully false, fraudulent or misleading, and that the defendant believed they were true and relied upon them in issuing the policy; and you are further instructed that any information communicated to the defendant's agent, A. R. Parker, in connection with the statements contained in Mr. Smith's application for insurance is to be regarded as information communicated to the defendant, even though the said Parker may not have transmitted such information to the home office of the defendant."

Defendant contends that in giving this latter instruction, the court wholly and entirely ignored the plain terms and provisions of the contract between the parties, and cites in support thereof the case of The Liverpool, London & Globe Ins. Co. v. T. M. Richardson Lumber Co., 11 Okla. 585, 69 Pac. 938. This is one of the early cases decided by this court on this proposition, and other cases to the same effect cited and relied upon by defendant are the Deming Investment Co. v. Shawnee Fire Insurance Co., 16 Okla. 1, 83 Pac. 918; Gish v. Insurance Company of North America, 16 Okla. 59. 87 Pac. 869: Phoenix Insurance Co. v. Ceaphus, 29 Okla. 608. 119 Pac. 583.

The cases above cited and relied on by defendant arose prior to statehood, and followed the rule announced by the Supreme Court of the United States in the case of Northern Assurance Co. v. Grandview Building Ass'n, 183 U. S. 308, 46 L. Ed. 213. It appears, however, from a careful review of the authorities, that this court has declined to follow that rule. In Western National Insurance Co. v. Marsh, 34 Okla. 414, 125 Pac. 1094, a case arising after statehood, it was pointed out that we were not bound by the decision in the case of Northern Assurance Co. v. Grandview Building Ass'n, supra. It was held in the Marsh Case, supra, as follows:

"When a local agent of a fire insurance company, who has the power to accept a risk and deliver the policy of insurance, at and prior to the time of the delivery of the policy, is advised and has full knowledge of the fact that other insurance upon the property is in force, and with that knowledge accepts the premium and delivers the policy, such policy is binding upon the company, notwithstanding the fact that it contains a provision prohibiting the existence of concurrent insurance without written consent thereto indorsed on the policy, and notwithstanding it contains a provision that none of the company's officers or agents can waive any of its provisions, except in writing indorsed on the policy."

And it was pointed out that the rule thus announced, though contrary to Northern Assurance Co. v. Grandview Building Ass'n, supra, was in keeping with the great weight of authority, citing on pages 418 and 419 numerous cases from some 40 states of the American Union.

In Insurance Co. of North America v. Little, 34 Okla. 449, 125 Pac. 1098, plaintiff in error cited and relied on London, Liverpool and Globe Insurance Co. v. T. M. Richardson Lumber Co., supra; Gish v. Insurance Company of North America, supra, two of the cases above cited and relied on by defendant herein, and in referring to these cases. this court had this to say:

"The second contention of plaintiff in error would be sound under the decisions of the territorial Supreme Court in London & Globe Ins. Co. v. Richardson Lumber Co., 11 Okla. 583, 69 Pac. 938, and Gish v. Ins. Co. of North America, 16 Okla. 59, 87 Pac. 869. 13 L. R. A. (N. S.) 826, which cases followed the rule announced by the Supreme Court of the United States in Northern Assurance Co. v. Grandview Building Ass'n, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, and also under the decisions of this court rendered in cases arising prior to statehood. Sullivan v. Merc. Town Mut. Ins. Co., 20 Okla. 460, 94 Pac. 676, 129 Am. St. Rep. 761; State Mut. Ins. Co. v. Craig, 27 Okla. 90, 111 Pac. 325; Phoenix Ins. Co. v. Ceaphus, 29 Okla. 608, 119 Pac. 583. This court, however. in the three cases last cited, specifically limited its decision on this point to cases arising prior to statehood, and reserved its decision thereon, in cases arising since the erection of the state of Oklahoma, where the contract of insurance was entered into since statehood. Recently, this court, in the case of Western National Ins. Co. v. Henry A. Marsh, ante. 125 Pac. 1094, and under consideration and decided this question adversely to the contention of plaintiff in error. In that case the authorities are collected and considered at length, and it is shown that in 42 states of this Union. parol evidence, such as was admitted in this case. and under the circumstances of this case. may be admitted."

See, also, N. British & Mercantile Insur-

ance Co. v. Lucky Strike Oil & Gas Co., 86 Okla. 192, 207 Pac. 446; United States Fire Insurance Co. v. Adams Mercantile Co., 117 Okla. 73, 245 Pac. 885.

The rule announced in these cases has been consistently followed, and has become the settled law of this state, and we are therefore forced to conclude that the cases above cited and relied upon by defendant are not controlling or decisive of this question.

Most of the cases above referred to cited by plaintiff and defendant involve fire insurance policies, and are in point here only so far as the rule of law announced may be applicable. However, the case of New York Life Insurance Co. v. Stagg, 95 Okla. 252, 219 Pac. 362, and New York Life Insurance Co. v. Clark, 110 Okla. 31, 235 Pac. 1081, involved the same form of policy as in the instant case, and under facts similar if not identical to these here, and in our judgment these cases are directly in point and controlling. The first, second and fourth paragraphs of the syllabus in the case first named being as follows:

(1) "Where a life insurance policy provides: All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy or be used in defense to a claim under it, unless it be contained in the written application and a copy of the application is indorsed upon or attached to this policy when issued,' the statements by the insured are to be construed as representations and not warranties in the absence of fraud."

(2) "Where a policy of life insurance provides that all statements made by the insured shall, in the absence of fraud, be construed as representations and not warranties, in order for misrepresentations made by the insured in an application to avail the insurer as a defense, it must show, not only that the statements were not true, but that they were willfully false, fraudulent, and misleading, and made in bad faith."

(4) "In a suit on an insurance policy, where it is contended that a false and fraudulent misrepresentation or concealment of a material fact by the insured has rendered the contract for insurance void, and where the evidence is conflicting, or where different inferences may be legitimately drawn from the evidence, the question should be submitted to the jury under instructions which take into account the materiality of the misrepresentation and the fraudulent purpose or intent of the insured to deceive."

It appears from the record herein that the witness, Parker, was not the agent of the defendant company for the purpose of soliciting or taking applications for life insurance. Defendant's answer refers to him as a special referee with offices at Oklahoma City, to whom it referred for certain information and verification of representations contained in said application for insurance, particularly with reference to the history of said applicant as disclosed by the questions and answers as contained in the application. The record disclosed, as is also admitted in the answer, that this reference to Parker was made prior to the time defendant took final action upon the application. We think it a fair deduction from the record herein, and the admissions contained in defendant's answer, that defendant was unwilling to and did not rely upon the statements made in the application, but employed Mr. Parker for the specific purpose of investigating these matters and to report the result of his investigation to the company. The record further shows that, in the course of his investigation, he learned of the illness of Mr. Smith at Wichita Falls, Tex., which information the company now contends had been fraudulently withheld from it by the insured at the time of making application for the insurance. The defendant company contends it would not have issued and delivered the policies had this information been communicated to it. This is doubtless true, but this record clearly discloses, in our opinion, that the failure of the company to receive this information was due to the neglect and omission of its own agent or special referee employed for that purpose, rather than to any wilful fraud on the part of the insured. Under the provisions of the policy itself, we are of the opinion that the statements made by the insured were merely representations, and would not avoid the policy unless they were willfully false and fraudulent, and the company relied upon them.

We deem it unnecessary to review all the evidence, but have carefully considered the entire record, and are clearly of the opinion it was proper to submit these questions to the jury under proper instructions, and in view of the authorities above cited, are further of the opinion that there was no error in the giving or refusing of the instructions complained of.

In concluding its brief defendant uses the following language:

"It (defendant company) is thoroughly of the opinion, and as a matter of fact the fraud attempted to be perpetrated on it in the instant case is so open, glaring and ap-

parent, that this falls within that class of cases where it is called upon to defend against these demands in behalf of all its policy holders collectively."

In this connection, we desire to say we find no fault with defendant for defending, on behalf of its stockholders, against this or any other claim it deems to be fraudulent. However, a careful examination of this entire record discloses no such fraud as above referred to by defendant. The evidence discloses that after the attack at Wichita Falls, followed by a thorough examination, the insured was informed by the doctors that he was in good health, and could resume his normal activities, and we think the jury was justified in finding, as it must have found under the facts and circumstances as shown by the evidence, that he in good faith believed he was in good health when he applied for the insurance, and was justified in that belief. There is evidence to the effect that he was in good health from and after the middle of October until the latter part of January, when he suffered an attack of the flu, and that he was sick constantly after that time. Much evidence was introduced by the defendant in an effort to show that the disease of which the insured died in June, 1926, was associated with and was the culmination of the disease and ailment for which he was treated in Wichita Falls in October, 1925, but the evidence is not at all conclusive on this point.

In support of the second proposition relied upon by defendant hereinbefore set out, defendant contends that the court erred in refusing its requested instructions Nos. 6, 8, and 9, and also contends that the court erred in giving its instruction No. 9. No authorities are cited by defendant in support of this proposition, but we have carefully examined the requested instructions of defendant, and the instruction given in lieu thereof by the court, and we are of the opinion that no prejudicial error was committed by the court in its refusal to give the instructions requested by defendant, nor in the giving of the instruction complained of.

Finding no reversible error in the record, it follows that the judgment of the district court of Oklahoma county should be and the same is hereby affirmed.

MASON, V. C. J., and LESTER, RILEY. and HEFNER, JJ., concur.