### NEW YORK LIFE INSURANCE CO. v. STRONG.

No. 26747. Feb. 9, 1937.

Rehearing Denied March 2, 1937.

Wilson & Wilson and Louis H. Cooke, for plaintiff in error.

Robert D. Crowe, for defendant in error.

PER CURIAM. This suit was brought by defendant in error against the plaintiff in error to recover, as beneficiary under a life insurance policy by reason of the death of Helen J. Strong, the wife of defendant in error. Defendant in error recovered judgment, and the plaintiff in error appeals. For convenience, the parties will be referred to as they appeared in the lower court.

Helen J. Strong made application to the New York Life Insurance Company, a corporation, for a policy covering her life, in the sum of $500 and on the 26th day of December, 1933, after paying the sum of $6.96, being the semi-annual premium, the said Helen J. Strong, now deceased, received said policy, being No. 12206790; the beneficiary under said policy being the plaintiff herein, William D. Strong, the surviving spouse of Helen J. Strong, deceased.

On the 13th day of August, 1934, Helen J. Strong departed this life, and in the same month, William D. Strong, beneficiary, made in writing due proof of the death of said Helen J. Strong as provided in said policy. On October 5, 1934, said defendant, New York Life Insurance Company, a corporation, notified plaintiff in writing that it thereby elected and did rescind the contract "because of the failure of Helen J. Strong to disclose to it in her application therefor, that prior to the date thereof she had suffered from various ailments on account of which she had consulted, been treated, and operated upon by physicians, and on account of which she had received treatment at the Wesley Clinic and Hospital," and further tendered to the plaintiff its check in the sum of $14.07, being the premiums paid on said policy with interest. On October 9, 1934, plaintiff returned said

check, refusing to accept same, and demanded payment as called for under the policy in the sum of $500. Hence the bringing of this suit by reason of the failure of defendant company to pay by reason of said policy.

The defense to the action on the insurance policy is fraud, concealment and misrepresentations made by said deceased in her application for the insurance policy in controversy.

The defendant, among other things, alleges, in substance, and contends that the deceased concealed the fact that she had been under observation and treatment in a hospital, and that a physican had treated her within the past five years when she appeared before the company's medical examiner and answered the interrogatories propounded to her on forms submitted by the company. Some of the questions here propounded and answered by the applicant are as follows:

"7-A. Have you ever had any accident or injury or undergone any surgical operation? Yes. Appendectomy 1919—good results. B. Have you ever been under observation or treatment in any hospital, asylum or sanitarium? Yes. For appendectomy, Wesley Hospital. Oklahoma City, Oklahoma. 8. Have you ever consulted a physican or practitioner for, or suffered from, any ailment or disease of the brain or nervous system? A. No. B. The heart, blood vessels or lungs? A. No. C. The stomach or intestines, liver, kidneys or bladder? A. No. D. The skin, middle ear or eyes? A. No. 9. Have you ever had rheumatism, gout or syphilis? A. No. 10. Have you ever consulted a physician or practitioner for any ailment or disease not included in your above answers. A. No. 11. What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years? A. None."

Said defendant further alleged that the application, together with the applicant's answers to the medical examiner, were, by photostatic copy, attached to and made a part of the policy of insurance issued by the company, and that the company, relying upon the truthfulness of the applicant's answers to interrogatories propounded by the medical examiner, and believing her to be insurable and in good health, did on the 26th day of December, 1933, write the policy of insurance in question and thereafter caused the same to be transmitted to its agent for delivery to applicant.

That thereafter and on or about the 27th day of August, 1934, and within one year

from the date of the issuance and delivery of the policy, the insured died and the beneficiary under the policy, the plaintiff herein, shortly thereafter presented his claim to the defendant for the insurance in question; that the insured had at numerous times, dating back to December 20, 1920, been an inmate at Wesley Hospital at Oklahoma City, where she was treated, among other things, for the effects produced upon her body and physical being by reason of two abortions for which Dr. J. H. Robinson testified he had treated assured for in 1927 and in 1930, being less than five years previous to the writing of the policy; that the cause of the death of the deceased was general peritonitis, the common and ordinary sequence to the previous ills so suffered by the assured; that the statements made by the insured in her reply to the medical examiner for the company were false and untrue, and that the deceased had been under observation and treatment by reason of the two abortions aforesaid in Wesley Hospital in 1927 and 1930; and that her statements that she had not consulted or been treated by a physician within five years from the date of making her application were false and untrue and were known by her to be false and untrue.

Said defendant further answered stating that had the company known of the untrue and false character of the applicant's answers and the treatment of the deceased before the application for insurance, it would not have entered into said contract of insurance.

Said defendant answered further that by reason of the willfully false statements in the application for the policy of insurance aforesaid, their defense of same constitutes, under the statutes, an absolute defense and a bar to the recovery by the plaintiff of the amount, or any part thereof, sued for herein, and under and by virtue of the Fourteenth Amendment to the Constitution of the United States, the defendant is entitled to the equal protection of the laws along with all other citizens, and the denial of such defense as a matter of law will operate to and will deprive it of the equal protection of the laws, and deprive it of its property without due process of law.

The plaintiff filed a reply and specifically denied that said answers were willfully false, fraudulent or misleading, or were made with the intention to defraud said defendant. The case was tried to a jury and the verdict was rendered in favor of plaintiff.

Defendant assigns as error that the court erred in refusing to peremptorily instruct the jury to return a verdict for the defendant and the refusal of the court to give certain requested instructions and the giving of other instructions which were excepted to by the defendant. Section 10519, O. S. 1931, provides in part as follows:

"* * * The statements made in the application shall, in the absence of fraud, be deemed representations and not warranties: Provided, however, that the company shall not be debarred from proving as a defense to such claim that said statements are willfully false, fraudulent or misleading."

The policy in question contains the following provision:

"The policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties."

It is the contention of defendant that section 10519, O. S. 1931, has been interpreted wrongfully and it asks in the instant case that this section of the statute be reinterpreted. This court has construed this section in a long line of cases, and uniformly held that where an insurance company defends in suit on a policy on the ground that the insured made false statements in an application, the company must not only prove the falsity of the statements, but that they were made in bad faith and with the intent to deceive. One of the latest cases in point on this question is the case of New York Life Insurance Co. v. Carroll, 154 Okla. 244, 7 P. (2d) 440, and in that case a great number of other cases are cited, including three prior decisions of this court, to wit: New York Life Ins. Co. v. Clark, 110 Okla. 31, 235 P. 1081; New York Life Ins. Co. v. Smith, 133 Okla. 256, 271 P. 1037, and New York Life Ins. Co. v. Stagg, 95 Okla. 252, 219 P. 362. It is therefore the opinion of this court that the rule cited in the Carroll Case is sufficient answer to defendant's contention, and this court does not agree with defendant that the rule in the Carroll Case is contrary to decisions in other states with similar statutes.

It is pointed out in the Carroll Case that the Supreme Court of Wisconsin has interpreted section 10519, supra, in the same light that this court has interpreted same. The states of Kansas, Illinois and the Supreme Court of the United States have also passed upon this question, as will be noted from the case of Sharrer v. Capital Life Insurance Co. of Colorado (Kan.) 171 P. 622. We therefore conclude that the rules laid

down in the Carroll Case are applicable here.

Counsel for defendant alleges the court erred in giving certain instructions pertaining to the representations made in the application by the insured as to whether or not they were willfully false, fraudulent, and misleading and in bad faith.

This court's opinion is the same now as that cited in the Carroll Case, that these are questions for the determination of the jury, or for the court sitting as a jury. The intent of the deceased in making her statement in her application for insurance is a question for the jury, and the jury found against the defendant on this question. Therefore, we find no error in the instructions submitted to the jury, as the same are in harmony with the rulings announced in the Carroll Case as well as the Stagg, Clark and Smith Cases, supra.

In reviewing defendant's assignment of errors and examining defendant's brief, it seems that defendant's chief contention is that it has been denied the equal protection of the law, and has been deprived of its property without due process of law, by reason of the instructions given by the court to the jury, which are based upon section 10519, O. S. 1931, and the decisions of this court, and that said section is unconstitutional as being in conflict with the Fourteenth Amendment to the Constitution of the United States. Many authorities are cited by defendant to substantiate this contention.

This court does not agree with the defendant company that it has been denied such right, and in reviewing the question we find that the Supreme Court of the United States has held many times that insurance contracts are so distinct as to justify legislative classification different from other contracts, and that the statutes subjecting insurance contracts to a different rule than other contracts are held valid New York Life Insurance Co. v. Yoakum, 98 Fed. 251; Northwestern National Life Insurance Co. v. Riggs, 203 U. S. 243.

We think the rule of law laid down in the Riggs Case, supra, is applicable to the instant case. It should be remembered that section 10519, supra, has been in force and effect in the state of Oklahoma since 1909, and, of course, long before the contract of insurance in question was entered into. It goes without saying that the statute in question is a condition upon which the defendant is authorized to do business in the state of Oklahoma, and if a company elects to engage in business in a state where such a statute is enforced, such election constitutes an acceptance of the condition created by the statute.

We therefore find no error in the giving of instructions or the refusal to give other instructions. The jury had all the facts and circumstances surrounding the making and the signing of the application in question, and by their verdict found that there was no willful intent to deceive the insurance company by any material statement or representation contained in the application. From an examination of the record, briefs and authorities cited therein, we conclude that there is no reversible error. The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Russell F. Hunt, H. C. Kerr, and T. H. Hough in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hunt and approved by Mr. Kerr and Mr. Hough, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, and HURST, JJ., concur. RILEY, BUSBY, CORN, and GIBSON, JJ., absent.