## ATLAS LIFE INSURANCE CO. v. CHASTAIN.

No. 32391.   Oct. 8, 1946.

Rehearing Denied March 18, 1947.

*178 P. 2d 109.*

Logan Stephenson, F. C. Swindell, and Q. M. Dickason, all of Tulsa, for plaintiff in error.

E. D. Brewer, of Tulsa, for defendant in error.

PER CURIAM. This appeal involves a judgment for $500 obtained by Ula Mae Chastain, beneficiary of a policy issued to John William Chastain. Ula Mae Chastain was plaintiff and brought action against the Atlas Life Insurance Company, defendant. Judgment was for plaintiff, and defendant appeals. We shall continue to refer to the parties by their trial designation.

It is first argued that there was incompetent evidence introduced over the objection and the exception of defendant. Dr. Thomas L. Wilson was called for the plaintiff to determine the question as to whether the insured while in the Veterans' Hospital at Muskogee, Okla., was being treated for the disease of syphilis. During his questioning he

was permitted to answer that when a Wasserman test is given and a positive result is obtained, it may indicate that there are diseases other than syphilis present in the person examined. Such diseases were stated. As we view the question it is not what an osteopath can do under the particular law authorizing his practice which determines his qualification to answer as an expert. See, in this connection, State v. Moore, 154 Kan. 193, 117 P. 2d 598, cited and relied upon the defendant. There is very little testimony in the record which tends to disclose whether or not the insured knew that he had syphilis at the time he was confined in the Veterans' Hospital at Muskogee, Okla., or prior thereto. We are of the opinion that the admission of the answers to the question, if error, was harmless. The question to be determined with relation to which the testimony was admitted was whether or not the insured knew that he had syphilis, and the answer of Dr. Wilson as to whether he actually had syphilis becomes immaterial, since the jury from competent evidence was warranted in finding that if the Wasserman test was made and shown to be made and shown to be positive the insured had no knowledge of such fact. The doctor testified that he knew that the Wasserman test indicated the presence of disease other than syphilis. Whether the insured knew he had syphilis was a question of fact. The testimony in respect thereto is conflicting. It was resolved by the general verdict in favor of plaintiff and it is sustained by the evidence. The well settled rule is that where a life insurance policy provides, as does the one in this case, "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties", the statements by the insured in an application therefor are to be construed as representations and not warranties in the absence of fraud. New York Life Ins. Co. v. Stagg, 95 Okla. 252, 219 P. 362; New York Life Ins. Co. v. Smith, 133 Okla. 256, 271 P. 1037; New York Life Ins. Co. v. Carroll, 154 Okla. 244, 7 P. 2d 440; New York Life Ins. Co. v. Strong, 179 Okla. 280, 65 P. 2d 194.

We are of the opinion that there was no error in admitting the testimony of Dr. Wilson.

It is next argued that the court erred in giving instructions Nos. 4 and 5. In the first instruction there was presented the issue of fact as to whether the statements of the insured made in his application were true or were falsely made by him or whether they were mere misrepresentations. As stated above this is a statement of the rule in this jurisdiction and quite generally. See, in this connection, Bankers' Reserve Life Co. v. Matthews, 39 Fed. 2d 528.

The second proposition involves the issue of fact submitted by the court as to whether or not insured answered correctly the question as to whether he had been a patient in a hospital. The trial court submitted to the jury the question of fact arising upon the conflicting evidence that the insured had correctly stated that he had been an inmate of the Veterans' Hospital at Muskogee, and that the agent of the defendant taking the application had falsely concealed the correct answer to this question, thus indicating that the insured had never been an inmate of the Veterans' Hospital.

Several cases are cited by the defendant in support of the rule that the agent is the agent of the insured and not the agent of the company, and therefore it is error as a matter of law to submit the issue of fact which would controvert the exact statement shown in the application. Regardless of the rule in other states, we have determined this issue to the contrary in this jurisdiction.

In National Aid Life Ass'n v. Clinton, 176 Okla. 372, 55 P. 2d 781, we held:

"When an insured, in making application for a contract of insurance, reveals to the agent of the insurance company the correct answers to questions contained in the application, and the agent, who, acting within the scope of

his authority. or in the course of his employment, fills out the application blank, and, unknown to the insured and in the absence of circumstances which should arouse his suspicion, inserts in the application incorrect answers to the questions contained therein, the knowledge of the agent is imputed to the insurance company. If such company thereafter enters into a contract of insurance upon the application and collects premiums on such contract, it is estopped from asserting as a defense to a claim arising under the policy that the answers contained in the written application were incorrect. The result is the same regardless of the ability of the insured to read and write and regardless of the presence of restrictive provisions in the application limiting the authority of the agent."

We are of the opinion, therefore, and hold, that the court did not err in giving instructions Nos. 4 and 5.

Finally, defendant argues that the court erred as a matter of law in not sustaining its demurrer to the evidence and the motion for directed verdict because there was no evidence in the record which justified the verdict rendered and the judgment entered thereon.

This proposition involves a discussion of the cases following the rule that the agent who takes the application for the insurance company is the agent of the insured and not the agent of the company. It is contrary to the rule announced in National Aid Life Ass'n v. Clinton, supra. This disposes of the latter question.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.