NEW YORK LIFE INS. CO. v. KAPLAN et al.

No. 31241. July 3, 1945.

Rehearing Denied Sept. 11, 1945.

*163 P. 2d 1009.*

William F. Tucker and William H. Martin, both of Tulsa, for plaintiff in error.

Milsten & Milsten and James D. Johnston, all of Tulsa, for defendants in error.

ARNOLD, J. On the 9th day of February, 1942, the New York Life Insurance Company, as plaintiff, filed this action against Abraham S. Kaplan, Molly Kaplan, Joyce Kaplan, Rosalie Kaplan, Herbert Kaplan, and Anna Kaplan, defendants, seeking to cancel a life insurance policy issued to Abraham Kaplan on the 19th day of February, 1940. The cause was tried to the court and judgment was rendered for the defendants. In two propositions plaintiff presents the combined issue that the judgment is contrary to law and clearly against the weight of the evidence.

The record discloses that Abraham S. Kaplan is the husband of Molly Kaplan and the father of the remaining defendants. On the 12th day of February, 1940, he applied to the defendant for insurance and after a medical examination was issued policy numbered 17549098 on February 19, 1940, in the sum of $7,000.

As grounds for the cancellation of the policy plaintiff alleged that by reason of answers given by the insured on the

medical examination required to accompany the application that he had not consulted, been treated, or examined by any physician, within five years preceding the date of making the application, for ailment or disease of the heart; whereas, in fact, insured had, within said five-year period, consulted Dr. Samuel Goodman, a physician of Tulsa, Okla., with respect to an intestinal obstruction due to adhesions and with respect to a heart ailment or disease and was at the time of making the application suffering from an ailment or disease of the hearing having its beginning in the year 1937. In accordance with the allegations of its petition the plaintiff contends that the representation made, as set forth, was known to be false, was material and made for the willful purpose of misleading plaintiff, which it did. The defendants alleged that insured answered all questions correctly and truthfully and that he advised the examining physician of plaintiff that he had been examined and treated by a named doctor and described the nature of his complaints and the extent of the examinations made; that the company, through its physician, was fully advised and estopped though the answers complained of, which were written by said doctor, appear on the application pleaded by plaintiff.

Dr. Samuel Goodman, the physician of the insured, Dr. H. Lee Farris, a regular medical examiner for the company, the insured, and Sol Deden, a special agent of the company, who prepared the application for the policy, all testified fully.

It is conceded by the parties that where a life insurance policy provides, as does the one in this case, "All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties," the statements by the insured in an application therefor are to be construed as representations and not warranties in the absence of fraud; that to cancel the policy the insurer must show not only that the statements were not true but that they were willfully false, fraudulent

and misleading and made in bad faith. For statement and discussion and application of the rule see New York Life Insurance Co. v. Stagg, 95 Okla. 252, 219 P. 362; New York Life Insurance Co. v. Smith, 133 Okla. 256, 271 P. 1037; New York Life Insurance Co. v. Carroll, 154 Okla. 244, 7 P. 2d 440; New York Life Insurance Co. v. Strong, 179 Okla. 280, 65 P. 2d 194; Prudential Insurance Co. of America v. Zak, 185 Okla. 556, 94 P. 2d 889. However, the plaintiff takes the position that material representations by the applicant known by him to be false invalidates the policy without proof of actual conscious design to defraud, intent to defraud being inferred; that the misrepresentation in this case was with respect to a material matter which was relied upon by the plaintiff and was known by the applicant to be false. The company cites in support of its contention Republic Life Insurance Co. v. Tourtellotte, 187 Okla. 624, 105 P. 2d 254; Mutual Life Insurance Co. of New York v. Hurni Packing Co., 260 Fed. 641; Haddad v. New York Life Ins. Co., 42 Fed. 2d 651; Lyttle v. Pacific Mutual Life Ins. Co. of Calif., 72 Fed. 2d 140; Kavakos et al. v. Equitable Life Assurance Soc. of the U. S., 88 Fed. 2d 762; Keeton v. Jefferson Standard Life Ins. Co., 5 Fed. 2d 183; New York Life Insurance Co. v. Levin, 102 Fed. 2d 403; Franco v. New York Ins. Co., 53 Fed. 2d 562; Shaner v. West Coast Life Ins. Co., 73 Fed. 681.

The evidence conclusively establishes the fact that the insured is now suffering from a serious heart condition; that he on numerous occasions, prior to the date of making application for his policy of insurance, consulted his physician concerning a probable heart ailment and various other physical conditions. From the evidence, which is voluminous and in detail, it might be concluded, though the evidence is in many instances in conflict, that prior to making application for and issuance of the policy the defendant had not been advised by his doctor that he had a heart condition; that the checkups made not only failed to disclose a coronary insufficiency of

the heart, but had the probable effect of removing any question the defendant might have had that he had a heart condition; his doctor did not think that condition existed; on none of the occasions hereinbefore detailed did the defendant lose any time from his work; during the whole period his work was quite extensive, requiring him to drive more than 50,000 miles a year; during the period in 1937, when he saw a doctor a number of times, he did not stop work; from the fall of 1937 to the time of the application for insurance in February, 1940, he apparently had no further similar physical distress; he answered the questions propounded by the medical examiner for the plaintiff truthfully in the light of his experience; he advised him he had gone to Dr. Goodman for regular health checkups, and that his heart had been checked by electrocardiograms; the medical examiner attached no importance thereto and for this reason did not disclose such information on the application; he made a detailed physical examination of the defendant and found nothing wrong with the insured; taking into consideration all the facts disclosed, the defendant made full disclosure to plaintiff's medical examiner insofar as he knew his health's history. His own doctor at that time did not think he had a heart condition and the checkups made by him in 1937 verified this belief.

The burden and the nature of proof required is the same whether cancellation of an insurance policy is sought or a defense is asserted against a claim by the beneficiaries after the death of the insured during the two-year contestability period. Where the statement or representation made in an application for insurance policy is false and material and known to be false, willfulness will be inferred and cancellation of the policy ordered in the absence of proof that there was no willful design to defraud. In the cases cited and relied upon by plaintiff the proof was such as to show clearly that the misrepresentations were known to be false and designedly made. Not necessarily so here. As indicated above, the defendant insured testified that he told the examining physician about his examinations and treatment by Dr. Goodman.

Assuming, for the sake of argument only, that the insured signed the application with knowledge of the presence of the false statement therein, the foregoing conversation between him and the examiner, as well as all the other facts and circumstances detailed, should be considered in determining whether the statement was willfully made. Willfulness, that is, design to perpetrate a fraud, by a false representation, is admittedly an essential element of proof in a cancellation of insurance policy suit. It is not only a material but an absolutely necessary fact and it must be established by clear, cogent, and convincing proof, as was done in all the cases cited by plaintiff. Proof that establishes the falsity of a material statement and knowledge of its falsity, supported by inference, by the one who made the statement, standing alone, clearly and convincingly establishes the intent or design of the perpetrator and would be sufficient in the absence of proof reasonably tending to show the absence of willfulness to support a judgment of cancellation. Such inference as may arise from such a state of facts is not conclusive but may be rebutted.

We are of the opinion, and hold, the judgment, holding in effect that the plaintiff failed to show that the defendant, in bad faith, made a material, false, fraudulent, and misleading statement willfully in answer to the question set forth in the application and propounded by the medical examiner, is not clearly against the weight of the evidence.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, and DAVISON, JJ., concur.