NATIONAL FOUNDATION LIFE INSURANCE COMPANY, Plaintiff in Error,

v.

Ellon M. LOFTIS, Defendant in Error.

No. 41321.

Supreme Court of Oklahoma.

Nov. 22, 1966.

Rehearing Denied Jan. 31, 1967.

948

Lewis M. Watson, Ada, for plaintiff in error.

Deaton, Gassaway & West, Ada, for defendant in error.

HALLEY, Chief Justice.

This action was commenced in the District Court of Pontotoc County by the filing of a petition by Ellon M. Loftis as plaintiff, defendant in error here, against the National Foundation Life Insurance Company, defendant, plaintiff in error here. From a jury verdict awarding a money judgment to the plaintiff, defendant appeals. The parties will be referred to herein by their trial court designations.

Plaintiff's petition contained two causes of action. The first contains an allegation of fraud based on a transaction wherein one Melvin Ahart, an agent of defendant, sold plaintiff seven "founders contracts" in December of 1962. These "founders contracts" were represented by Ahart to be a single payment investment plan. For these "founders contracts" plaintiff paid to the defendant the total sum of $14,726.30. Subsequent developments indicated that plaintiff had, in fact, purchased twenty-year pay insurance policies that would require an annual premium of $14,726.30 to maintain.

The second cause of action contained a count and a prayer for exemplary damages in the sum of $15,000.00 by reason of the fraud alleged in the first cause of action.

Defendant filed an answer containing a general denial to the petition. Plaintiff then amended her petition to include an allegation that the fraudulent and misleading representations that had been made to plaintiff were a part of a system or general plan or scheme practiced by defendant to defraud plaintiff and others. The second cause of action was amended to increase the prayer for exemplary damages from $15,000.00 to $50,000.00.

To this amended petition, defendant filed its amended answer, wherein it alleged that because of the training that it gave its agents, no false, fraudulent or misleading representations could be made by its agents. That if its agent Ahart did make such false and misleading statements, they were unauthorized and unknown to the defendant and were not within the scope of his employment. For further defense, defendant alleged that if such misrepresentations were made, plaintiff, being a person of ordinary intelligence, and in the exercise of ordinary care, knew or should have known that such representations could not have been true. Defendant also complained of plaintiff's failure to return the policies to it, asserting that it remained bound by the policies until they were returned.

After sustaining a motion to strike filed by the plaintiff to a part of the amended answer, plaintiff filed a reply denying all of the allegations of the amended answer except that part relating to the residence of the parties.

With the issues so joined, the case was tried to a jury and a verdict was returned in favor of the plaintiff in the amount of the premiums paid by plaintiff. Since exemplary damages were not awarded by the jury, any question of exemplary damages will not be considered herein.

Defendant casts its appeal on five propositions, which we will discuss in their numerical order.

For its first proposition, defendant asserts that the amended petition of plaintiff did not allege facts sufficient to state a cause of action, and that it was error for the court to overrule its demurrer thereto. This proposition is based on the theory that plaintiff, by her amended petition, does not allege that she restored or offered to restore the policies to the defendant. That she did not bring an equitable action to rescind, but attempted to bring an action at law for damages, and that she does not allege that she affirmed the contract and sued for partial failure of consideration, and that therefore her petition is fatally defective.

As authority for the above argument, defendant cites the case of Herron v. Harbour, 57 Okl. 71, 155 P. 506, and the following holding set out therein:

"It is a universal rule that when a party seeks to recover back money paid on a contract on the ground that such contract is void for fraud, or that it has been rescinded, such party must restore or offer to restore whatever he has received under the contract, so as to put the other contracting party in statu quo, whatever may be valuable to the defendant must be restored to him, though it be of no value to the plaintiff."

Defendant also cites the more recent case of Young et al. v. Garrett, 187 Okl. 595, 105 P.2d 257, to the same effect.

Defendant also advances the idea that since plaintiff sought to recover exemplary damages in her second cause of action, that this indicates that her suit was not in

equity, but was in law, and that this also renders plaintiff's petition fatally defective.

It is important to determine as a preliminary matter whether this is an action at law or in equity. A careful analysis of the petition filed by plaintiff, as amended, convinces us that the action is at law. Plaintiff, in her amended petition, did not ask the court to rescind the contract that she had made with defendant with respect to the so-called "founders contracts", but relied solely upon her own conduct to effect rescission, so that actually her cause of action was one for money had and received.

■ 15 O.S.1961, Section 233, provides that a party may rescind a contract if his consent to such contract was obtained by fraud. If a contract is rescinded by the act of the party it follows that in a suit for the recovery of money paid, no preliminary action of the court is necessary in order for the plaintiff to establish her right to recover the money paid. Therefore, in such case, the action is one in law rather than in equity. Viking Refrigerators, Inc. v. McMeachin, 145 Okl. 76, 291 P. 521; Jeter v. DeGraff, 93 Okl. 76, 219 P. 345.

■ Plaintiff's attempted rescission could not be effective unless sufficient grounds existed therefor nor unless the plaintiff complied with the statutory procedure for effecting a rescission. The alleged grounds for rescission was the fraud of the agent of the defendant in inducing plaintiff to purchase the so-called "founders contracts".

15 O.S.1961, Section 235, prescribes the duty of one attempting rescission as follows:

"1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the other party everything of value which he has re-

ceived from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

A review of the evidence with respect to the value of the policies of insurance indicates that there was no direct evidence offered in this connection, although a witness for the defendant did testify that if any of the individuals named as insureds in the policies had died prior to the trial, that the defendant would have been obligated to pay to the designated beneficiary the face amount of the particular policy concerned. Since such a death did not occur, we do not place much weight on this aspect of defendant's argument with respect to value.

An examination of the policies themselves indicates that they had no loan value until they had been in force and effect for a period of two years. This action was brought well before that period of time had elapsed, therefore one cannot ascribe to them any value insofar as loan value is concerned.

A review of the evidence offered by plaintiff with regard to her attempts to get various officers and/or officials of the defendant to return to her the money she had paid to the defendant convinces us that even if the offer had been made by the plaintiff to return the policies to the defendant, and that even if the defendant had accepted the policies, it would not have returned to the plaintiff the money she had paid. Therefore, under the authority of Jones v. Goldberger, Okl., 323 P.2d 344, wherein the rule is laid down that restoration or an offer of restoration has no application where it is certain that the defendant would not have accepted the tender, had it been made, we hold that it was not necessary for the plaintiff to make such a tender prior to time of trial.

Defendant's second proposition for reversal is to the effect that the trial court erred in not sustaining defendant's demurrer to the evidence of plaintiff. We have carefully reviewed the argument advanced by the defendant in support of this proposition, and have also reviewed the evidence of the plaintiff, and are of the belief that the trial court did not err in overruling defendant's demurrer to plaintiff's evidence. See State Exploration Company v. Reynolds, Okl., 344 P.2d 275; Texas Pipe Line Company v. Cobb, Okl., 365 P.2d 1010.

For its third proposition defendant states that in a case where a corporate defendant was charged with fraud, that it was error for the trial court to limit defendant in its efforts to identify persons associated with the corporation, and to reject evidence tending to prove established company policy and sales procedure. This proposition comes from the trial court refusing to allow the defendant to show to the jury the identity of its corporate officers, stockholders and policy holders in Pontotoc County. Defendant offers no authority for the above proposition and we find it without merit. Under this same proposition, defendant complains of certain remarks made by the trial court, which it deems to have been prejudicial and detrimental to a fair trial. A review of the record indicates that the defendant did not object at the time the remarks were made by the court, nor call to the attention of the court that it considered the remarks to be prejudicial at the time they were made. We cannot now consider such alleged error. See Pendergraph v. Edwards, Okl., 283 P.2d 823.

Defendant's fourth proposition, to the effect that it was error for the trial court to refuse to allow the defendant to show that plaintiff and defendant's agent were business partners in a nightclub venture in Texas, is likewise unsupported by any authority. We have reviewed the record in connection with this proposition and we find no prejudicial error to have resulted in this evidence being excluded from the jury. See Pendergraph v. Edwards, supra.

Defendant's fifth proposition is that the trial court erred in not submitting to

the jury a proper instruction on the question of ratification by the plaintiff. Defendant argues that the evidence showed that plaintiff knew what kind of a contract she had purchased and that on two separate occasions, she had ratified the purchase by her own conduct, and that the instruction on ratification, which was given, at the request of the plaintiff, was in error. We find this contention to be without merit. We have carefully reviewed the instructions herein, both those that were requested by the parties and those given by the court, and we find that Instruction No. 7, as given by the court, which was defendant's requested Instruction No. 2, placed the question of ratification before the jury in every essential respect. This instruction was as follows:

"You are instructed that as one of its defenses in this case, the defendant insurance company contends that certain of its agents made a full and complete disclosure to plaintiff of each and every provision of the contracts which she purchased. If you find that the defendant insurance company, through its agents, did in fact fully explain the investment-insurance contracts to plaintiff and that she thereupon retained said contracts, leaving them in full force and effect, such conduct on the part of plaintiff amounts to a waiver of any prior misrepresentations and constitutes a ratification and acceptance of the contracts, and your verdict must therefore be for the defendant."

We therefore find no merit in the fifth proposition advanced by the defendant.

Defendant also contends, as a part of its argument with respect to its fifth proposition, that the defendant should have been allowed to keep that portion of the insurance premiums that were earned up to the time of the verdict in this cause, and that since it had requested that the jury be instructed on this matter, which instruction was refused by the trial court, that this failure to properly instruct was also error on the part of the trial court.

■ We do not concur in defendant's contention. Although not entirely similar insofar as the factual situation is concerned, with the case at hand, we feel that the rule laid down in the case of Myler et al. v. Fidelity Mutual Life Insurance Company of Philadelphia, 64 Okl. 293, 167 P. 601, is pertinent hereto. That rule is as follows:

"It is argued that plaintiff's petition is insufficient to entitle them to rescind because it does not offer to do equity by allowing defendant to retain reasonable compensation as premiums for the 9 years during which they had the benefit of protection under the policy; but this protection was an incident of the fraud alleged by them, involving no financial benefit to plaintiffs or loss to the defendant."

The trial court, following the above rule, gave the jury the following instruction:

"You are instructed that should you find the defendant perpetrated the fraud alleged in plaintiff's petition, that the defendant should receive no compensation as premiums for the year of protection the seven persons had in the form of life insurance, because such protection was an incident of the fraud by defendant and involved no financial benefit to plaintiff or loss to defendant."

We find no error on the part of the trial court in the giving of this instruction.

A careful review of the evidence, the ruling by the trial court, and the instructions to the jury convinces us that there is no reversible error in this cause.

Judgment affirmed.