Frank C. SNEED; Sooner Realty, Inc.,
and Metropolitan Development
Corporation, Appellants,

v.

The STATE of Oklahoma ex rel. DE-
PARTMENT OF TRANSPORTATION
of the State of Oklahoma, Appellee.

No. 52885.

Supreme Court of Oklahoma.

June 14, 1983.

As Amended July 23, 1984.

Rehearing Denied July 25, 1984.

Rhoads & Johnson, Inc. by Sam H. Johnson, Lawton, for appellants.

Tom Keltner, Oklahoma City, J. Roy Cocke, Lawton, for appellee.

HARGRAVE, Justice.

The plaintiffs, Frank C. Sneed, Crescent Construction Company, and Sooner Realty, Inc., filed a petition in the District Court of Comanche County alleging that they conveyed to the defendant certain real property for the purpose of construction of the Rogers Lane interchange at its intersection with U.S. 277 in Lawton, Oklahoma, for a cash consideration and an agreement to provide certain access to plaintiffs' adjoining land. The petition alleged that the defendant, the Oklahoma Department of Transportation, had determined to deviate from an agreed access plan and that that departure was a material and substantial breach for which the conveyance should be cancelled and immediate possession of the parcel should be restored to the plaintiffs. The petition also alleged plaintiffs had suffered monetary loss as a result of the delay in constructing the interchange, from the loss of possession of the conveyed property and the deviation from the alleged agreement. Thereupon, plaintiff prayed those damages suffered should be set-off against any restoration due the defendant although plaintiffs alleged these damages to be greater than the restoration of consideration due the defendant. Additionally, plaintiff alleged a condemnation action had been instituted by the State Department of Transportation to acquire additional contiguous property owned by plaintiffs, in order to permit construction of the interchange on the modified plan. Plaintiffs sought, in the prosecution of this action, that the defendant be enjoined pending the outcome of this suit, from proceeding with the modified highway plans.

The first appearance of this suit in this Court was under the docket number 50,598, wherein the State of Oklahoma ex rel. Department of Transportation sought, and received, a writ of prohibition against the trial court, prohibiting the continued restraint against petitioner's proceeding with construction of the highway interchange. In an unpublished opinion, this Court stated the action did not present the prerequisites for an injunction under 12 O.S.1971 § 1382 as the alternate benefit to the respondents, Sneed, et al, would only be a money judgment. The Court reasoned that the State could, and would, exercise eminent domain to obtain the property regardless of the outcome of the rescission action. Therefore, the court concluded that con-

struction of the highway would neither produce injury nor make the remedy in this action less effectual.

Subsequent to the issuance of the writ in cause No. 50,598 and just prior to trial, defendant filed a second amended answer which stated the defendant stood ready to execute deeds returning the real property to the plaintiff upon tender of the consideration paid therefore, $700,000.00. Plaintiff filed a demurrer and motion to strike against the amended answer, and at the same time sought a judgment on the pleadings and summary judgment. After presentation of plaintiffs' evidence and several offers of proof were made, the trial court dismissed plaintiffs' action for rescission on account of plaintiffs' overt refusal to tender the purchase price into court. The record contains a letter from plaintiffs' counsel refusing to do so. The dismissal was made effective after expiration of a ninety-day period given plaintiffs to raise the funds necessary. That order was appealed to this Court in cause No. 52,542 and this Court dismissed that appeal. The plaintiff, Frank Sneed, et al., thereafter filed a petition for a stay order and alternative petition for a writ of prohibition after filing an application for assumption of original jurisdiction. In addition, plaintiff again appealed, filing a petition in error which attacked the correctness of the same proceedings as were brought before the Court in cause No. 52,542.

The posture of Cause No. 52,885 as it currently stands presents an unusual situation. There are two separate proceedings consolidated under this number. First, an appeal which has previously been determined to be premature, and in addition, a motion for assumption of original jurisdiction and request for a stay, or alternatively, a request for a writ of prohibition. The relief sought in these two proceedings appears to amount to an original proceeding designed to forbid the lower court from entering a final order, and an additional appeal presenting the same order found not appealable in 52,542.

The appeal contained in Cause 52,885 from the conditional judgment attacks the validity of the order of the District Court requiring plaintiff to tender into court the consideration received for the land within ninety days or suffer dismissal of the case. Here we deal with the exact order determined to be nonfinal in Cause No. 52,542. That order states the deeds given the defendant were cancelled provided plaintiffs make payment of the consideration received by them, aggregating $700,000.00, on or before October 1, 1978. However, the petition in error was filed against this judgment on July 14, 1978. It is readily apparent that at the point in time when the petition in error was filed there existed no final judgment. The order in substance states rescission is granted provided plaintiff return the consideration for the deeds given within ninety days or suffer dismissal of plaintiffs' lawsuit. The filing of the petition in error prior to the expiration of the ninety-day period rendered the appeal in 52,542 premature and thus the dismissal followed.

■ The conditional nature of this judgment was removed October 1, 1978, when plaintiff had not tendered the received consideration in ninety days. Under the facts of this appeal, this Court finds the case of *Polk v. Unknown Trustees, Successors & Assigns, etc.,* 298 P.2d 432 (Okl.1956), and the law relative to conditional judgments applicable. In that cause, the court ordered cancellation of a mineral deed upon condition that plaintiff pay $129.28 within thirty days and in the alternative, quieted defendants' title against plaintiff. Reflecting on the effect of that order the Court said in substance: Plaintiff sought cancellation of the mineral grant and achieved his goal upon condition that he pay the amount required by the judgment. He alone had the decision of whether the victory was of sufficient value to justify his accepting its fruits or whether to refuse and abandon all claim for relief. Plaintiff repudiated the provision of the judgment to his advantage; the further provision quieting title in the defendant company became operative and constituted a final judgment in favor of

defendant. *Polk, supra,* at 436–437. Thus the judgment of dismissal was final and appealable from and after the expiration of the ninety-day period given to return the consideration. It is established, then, that the order appealed from in this proceeding was final and appealable from and after October 1, 1978. The petition in error was filed in a timely manner and this appeal ensues.

The appellants present four propositions of error and they are pointed to bolster the validity of the first proposition stating that the trial court erred in entering a judgment of rescission conditional upon the appellants' tendering into court the consideration received for the land this rescission action sought to regain. Two other propositions deal with the lower court's failure to receive evidence as to collateral damages suffered by appellants which resulted from the court's ruling requiring restoration of consideration received.

■ The appellant contends that he is entitled to put the evidence of damages for return to the status quo-ante before the jury without tendering into court the consideration received for the deeds given. However, the issue of return to the status quo arises after tender of consideration received. In *Berland's, Inc. of Tulsa v. Northside Village Shopping Center,* 506 P.2d 908 (Okl.1972), at 912, this Court stated the asserted willingness of one who seeks rescission to restore the opposite party to the status quo is a condition precedent to recission under 15 O.S.1961 § 235. This general rule was stated earlier in *Great American Reserve Ins. Co. v. Strain,* 377 P.2d 583 (Okl.1962), where this Court noted one will not be permitted to repudiate his contract while retaining the benefits arising from it. The law requires that every right acquired under a contract be absolutely surrendered as a condition precedent to its avoidance. In the cause before the Court, the plaintiffs have refused to tender into court the consideration received for the subject deeds. Failure to prove restoration is fatal to plaintiffs' cause of action. *Simmons v. Harris,* 108

Okl. 189, 235 P. 508 (1924). Under the above described general rule, the trial court did not err in issuing the conditional judgment. The defendant State had conceded the rescission and stood ready to restore the deeds to the property. Under such circumstances, failure of plaintiff to restore the consideration received was fatal to his cause of action for rescission unless an exception to the above rule is applicable. The rationale behind this principle was noted in *Great American Reserve Ins. v. Strain, supra,* at p. 588:

> "The purpose of requiring a party rescinding a contract to restore to the other party everything of value he has received under it is to make it unnecessary for the party to whom restoration should be made to bring an action to obtain such restoration."

■ Appellants seek to avoid the general rule by stating that upon rescission the State (defendant) was to proceed to condemn the property for the same use. Plaintiffs contend that the rise in the value of the land during the interim assures that the condemnation price will be greater than the consideration paid for that land in this rescinded transaction and thus restoration is a useless act which the law will not require. However, the condemnation action is a lawsuit in its own right and the trial judge did not err in his refusal to waive the tender requirement in this action on the basis of a separate action which was not even filed at the time. Second, appellants contend that the cost of placing them back to their status quo in this proceeding exceeds the consideration received and thus tender, as above, is a useless act. This Court finds that reasoning unconvincing. The consideration received for the land was $700,000.00 and a determination of the cost of regaining the status quo cannot be said to preclude the possibility that the consideration received would not be larger than this sum. As noted above, return of consideration is required to make suit to recover it *unnecessary,* not *unlikely.* The Court therefore holds the trial court did not err in ordering the conditional judgment requir-

ing dismissal of this rescission action unless payment of consideration received was made in ninety days. Plaintiffs neither pled nor proved the condition precedent necessary for a rescission, and in his ruling, likened to a ruling on a demurrer to the evidence, the trial court allowed plaintiffs an additional ninety days to establish this necessary portion of their cause of action. The plaintiffs could not be held to be entitled to such a time period under the laws of this state, but that fact does not impeach the correctness of the judgment's provision dismissing the action upon failure to comply within that time period.

The remaining issue in this cause is the original proceeding in this Court seeking a stay and alternatively requesting a writ of prohibition. The stay is sought, as described in this quotation from the brief of Petitioners Sneed, et al. in support of application to assume original jurisdiction, to prevent the trial court from entering a final order:

"The petitioners intend to appeal the decision and order of the District Court of Comanche County, Oklahoma, and seek this stay and prohibition against the dismissal thereof in order to preserve the status quo pending said appeal. That Respondents, however, based upon statements contained in the record of the hearing held on October 13, 1978, upon petitioners' motions referred to in paragraph 4(c) above, apparently contend that the failure of petitioners to pay the $700,000.00 mentioned above prior to the dismissal of said cause by the trial court will forever forfeit all rights of the petitioners to obtain cancellation of said deeds as ordered by the court, unless petitioners' appeal is ultimately successful, i.e., petitioners could appeal at their peril."

Petitioners' original proceeding in this Court seeking a stay and alternative petition for a writ of prohibition are couched in general terms as a request for this Court, in one manner or another, to prohibit the trial judge from entering a final order. As such, the plea to this Court is twice flawed. First, as the Court has noted previously, the alternative judgment became final by operation of law at the expiration of the ninety-day period given plaintiffs to make a valid offer of return of the consideration received. By their refusal to meet the first alternative contained in the judgment, the order became final as to the second alternative, dismissal of the action. The judgment became final in this respect twenty-three days prior to the filing of this original proceeding. Preserving the status quo, as appellants request here, would only preserve a judgment that had previously become final. Secondly, a writ of prohibition is not appropriate unless a court, officer or person has or is about to exercise judicial or quasi-judicial power unauthorized by law which will result in injury for which there is no other adequate remedy. *Umholtz v. City of Tulsa*, 565 P.2d 15 (Okl.1977). Here the remedy of direct appeal from the supposedly erroneous judgment exists, and further, prohibition is not available as a corrective remedy to undo a completed act already performed but is properly a preventive remedy. *Draper v. State*, 621 P.2d 1142 (Okl.1980). Likewise, the requested stay is inappropriate inasmuch as the order was final prior to filing of the matter in this Court. Thus a stay would not have the effect which was sought by appellant.

AFFIRMED.

ORIGINAL JURISDICTION DENIED.

STAY DENIED.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, HODGES, LAVENDER and WILSON, JJ., concur.

OPALA, J., dissents.